IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 20, 2002 Session

## ALTON DIXON v. NIKE, INC.

**Appeal from the Chancery Court for Shelby County**
**No. CH-00-2232-2    Floyd Peete, Jr., Chancellor**

_____

**No. W2001-02882-COA-R3-CV - Filed January 13, 2003**

_____

This case involves alleged wrongful termination of employment and alleged misappropriation of an idea. The employee's original lawsuit ended in a judgment in favor of the employer; this became a final judgment after appeal to this Court. The employee then filed numerous motions, pleadings, and other filings, all based on the same facts underlying the lawsuit that had been finally decided. The additional actions were dismissed, sanctions were imposed on the employee, and the employee was ordered to pay costs and repeatedly admonished not to submit further filings on the matter that was the basis for the original lawsuit. The employee persisted, and filed a second lawsuit based on the same facts. This second lawsuit was dismissed. The employee now appeals. We affirm, and in addition, order that the clerks of this Court and inferior courts not accept any further filings from the employee relating to the matter that was the basis for the original lawsuit until all sanctions and costs are paid.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Alton Dixon, Memphis, Tennessee, appellant, pro se.

Herbert E. Gerson and Thomas J. Walsh, Jr., Memphis, Tennessee, for appellee, Nike, Inc.

**OPINION**

Plaintiff/Appellant Alton Dixon ("Dixon") filed his original lawsuit against Defendant/Appellee Nike, Inc. ("Nike") in November 1995, arising out of the termination of his employment and the purported misappropriation of his idea for a mileage counter in athletic shoes. Summary judgment was granted against Dixon, and the grant of summary judgment was affirmed on appeal to this Court, with costs assessed against Dixon. *See Dixon v. Nike, Inc.*, C.A. No. 02A01-9702-CH-00049, 1997 Tenn. App. LEXIS 605, at *14 (Tenn. Ct. App. Sept. 5, 1997). The affirmance by this Court was not appealed to the Tennessee Supreme Court, and thus became final.

Despite the finality of this Court's decision, however, the litigation was far from over.

In the ensuing five years, Dixon filed countless motions, petitions, pleadings, and other filings, as well as an additional complaint, all arising out of the same facts underlying the lawsuit that was the subject of this Court's 1997 decision.[1] These include, but are not limited to, the following:

1.  September 19, 1997: Petition to Rehear filed in Court of Appeals. Denied.

2.  April 13, 1998: Motion to Recall the Appellate Mandate, filed in Court of Appeals. Denied.

3.  May 6, 1998: Petitioner-Appellant's Motion for Review of Judgment and to Stay of Execution, filed in Chancery Court. Denied.

4.  October 6, 1998: Motion for Review of Judgment and to Stay of Execution, filed in Court of Appeals. Denied, with notation that the matter is final and concluded.

5.  September 17, 1999: Motion to Set Aside Judgment to Grant Order Approving Review and Stay of Execution to Dissolve the Matter, filed in Chancery Court. After oral argument, denied.

6.  December 6, 1999: Motion of Petitioner to Request Remand of Case to the Trial Court for Review and to Set Aside its Judgment, filed in Court of Appeals. Chief Deputy Clerk of Appellate Court informed Dixon that mandate had been issued, signifying end of case.

7.  January 27, 2000: Motion to Request Recall of the Mandate in Order to Remand Case to the Trial Court for Review and to Set Aside Judgment and Petition in Support Thereof; and Petition in Support to Recall of the Mandate in Order to Remand Case to the Trial Court for Review and to Set Aside its Judgment, filed in Court of Appeals. Chief Deputy Clerk again informed Dixon case ended in 1997, and told him further papers filed would be returned to him.

8.  March 14, 2000: Motion to Hear New Trial and Relief from Judgment, filed in Chancery Court.

---

[1] The record on appeal is for the second lawsuit filed by Dixon. It includes a recitation of prior filings by Dixon, but does not include the voluminous filings.

9. April 19, 2000: Notice to Hear Plaintiff's Motion Compelling New Trial and Relief from Judgment and Plaintiff's Motion for Sanctions, filed in Chancery Court.

10. July 31, 2000: Notice of Hearing Compelling New Trial, filed in Chancery Court.

The March 14, April 19, and July 31 motions were all denied, with notation that case was final in 1997 and not subject to further review. $500 in sanctions imposed.

11. November 15, 2000: Complaint filed in Chancery Court, arising out of same facts, seeking $46 million in damages. Dismissed with prejudice, with $500 in sanctions assessed for filing a frivolous lawsuit. Order directing Dixon not to submit any further filings arising out of same facts, except for payment of court costs.

12. March 26, 2001: Plaintiff's Notice of Motion to Rehear Motion for Voluntary Dismissal Without Prejudice Against Defendant's Motion to Dismiss With Prejudice, filed in Chancery Court.

13. April 2, 2001: Motion for New Trial and Relief from Judgment Orders, filed in Chancery Court.

14. May 18, 2001: Plaintiff's Notice of Appeal Pending Outcome of Motion for New Trial, filed in Court of Appeals.

15. June 4, 2001: Plaintiff's Motion for Relief from Judgment and Stay of Proceedings to Enforce a Judgment, filed in Court of Appeals. Court of Appeals dismissed Dixon's appeal without prejudice for failure to appeal from a final judgment.

16. October 8, 2001: Nike moved for a final order on Dixon's April 2, 2001 motion; Dixon responded by filing Plaintiff's Motion to Impose Sanctions and Relief from Judgment Orders and Plaintiff's Response and Objections to Defendant's Motion for Entry of Order Denying Plaintiff's Motion for New Trial and Relief from Judgment Orders.

17. November 2, 2001: Plaintiff's Notice of Amendment to Motion for New Trial and Relief from Judgment or Orders Pending Further Proceedings, filed in Chancery Court.

18. November 9, 2001: Hearing in Chancery Court on all pending motions. Final Order of Dismissal with prejudice entered, referring to earlier order stating that

the matter is foreclosed and final, with Dixon ordered to pay the $1000 in sanctions already owed, plus court costs.

19. November 26, 2001: Notice of Appeal from Chancery Court's November 9, 2001 order, filed in Court of Appeals.

A full hearing on Dixon's latest appeal was held before this Court on November 20, 2002. After considering the arguments of the parties and a review of the record as a whole, it is clear that the trial court did not err in dismissing Dixon's complaint. The most recent lawsuit filed in Chancery Court stems from the same facts underlying his previous lawsuit, detailed at length in this Court's prior opinion, cited above. Based on the doctrine of *res judicata*, it must be dismissed and the order of the trial court must be affirmed.

Moreover, from our review of the record, it is apparent that a simple affirmance of the trial court's dismissal will not suffice. Dixon's refusal to accept the finality of the decisions against him in this Court and in the Chancery Court, and the resulting avalanche of pleonastic maunderings filed in the Chancery Court and in this Court, necessitate further action. Dixon's conduct is a patent abuse of the judicial process. After repeatedly having costs assessed against him and sanctions imposed, and numerous final orders and admonitions to refrain from such abusive conduct, Dixon continues, undeterred. He does not dispute the fact that he has never paid any of the sanctions or court costs assessed against him, and ignores repeated warnings to desist in filing frivolous proceedings.

Consequently, until Dixon pays in full all of the sanctions and court costs assessed against him, Dixon is ordered not to submit any further filings to this Court, the Shelby County Chancery Court, or any other inferior Tennessee court arising out of the complaints against Nike that are the basis for Dixon's original lawsuit against Nike, detailed in this Court's prior opinion, cited above. Moreover, until Dixon pays in full all sanctions and court costs assessed against him, the Clerk of this Court, and the clerks of all inferior Tennessee courts in Shelby County, Tennessee, are ordered not to accept any further filings from Dixon relating to the facts that are the basis for Dixon's original lawsuit against Nike, noted above, with the exception of the payment of court costs, without express direction to do so from this Court or from the Chancery Court of Shelby County, Tennessee. Attempts by Dixon to flout this order may result in the imposition of additional court costs or sanctions. This order does not apply to filings submitted by Dixon to the Tennessee Supreme Court or any federal court.

The decision of the trial court is affirmed, with additional orders against Dixon and to the clerks of this Court and inferior courts as set forth above. Costs are taxed to the appellant, Alton Dixon, and his surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE